IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

```
J. P., as parent and next    )
friend of A.W., a minor,     )
                             )
     Plaintiff,              )
                             )       CIVIL ACTION NO.
     v.                      )         2:19cv636-MHT
                             )             (WO)
ELMORE COUNTY BOARD OF       )
EDUCATION,                   )
                             )
     Defendant.              )
```

ORDER

Before the court is plaintiff's appeal of the United States Magistrate Judge's decision granting defendant's motion to compel plaintiff's testimony as to certain questions related to the psychological or mental condition of A.W., plaintiff's son. This appeal is brought under 28 U.S.C. § 636 and Rule 72 of the Federal Rules of Civil Procedure. Plaintiff's counsel objected to the questions at issue on the ground that they violated the psychotherapist/patient privilege; and the magistrate judge ruled that the privilege had been waived because plaintiff placed A.W.'s mental

condition at issue through the allegations of her complaint. *See* Order (Doc. 54) at 5-7. Because the motion to compel is not a dispositive motion, the court reviews the magistrate judge's decision under the clearly erroneous or contrary-to-law standard. *See Jordan v. Comm'r, Miss. Dep't of Corrs.*, 947 F.3d 1322, 1327 (11th Cir. 2020); *see also* 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a).

The psychotherapist/patient privilege protects "confidential communications between a licensed psychotherapist and her patients in the course of diagnosis or treatment." *Jaffee v. Redmond*, 518 U.S. 1, 15 (1996). This privilege exists because "[e]ffective psychotherapy ... depends upon an atmosphere of confidence and trust in which the patient is willing to make a frank and complete disclosure of facts, emotions, memories, and fears." *Id.* at 10. Allowing patients to speak freely with their mental-health providers without fear that what they say

2

will be disclosed "facilitat[es] the provision of appropriate treatment for individuals suffering the effects of a mental or emotional problem." *Id.* at 11. The privilege therefore applies specifically to "confidential communications made during counseling sessions." *Id.* at 10.

As with so much of the litigation in this case, the proceedings regarding the psychotherapist/patient privilege have involved a great deal of heat and very little light. This dispute has led not only to defendant's motion to compel (Doc. 47) and plaintiff's motion to review the magistrate judge's decision (Doc. 57), as well as their coordinate filings in opposition and replies (Doc. 51, Doc. 53, Doc. 63, & Doc. 64), but to two separate opposed motions to extend the dispositive motions deadline while this dispute was resolved (Doc. 49 & Doc. 55) and an opposed motion to stay the magistrate judge's order while the court considered the present appeal (Doc. 57). All told,

3

this issue and its derivative spats have yielded 84 pages of briefing, much of it irate, and a further 67 pages of appended exhibits.

The mass of virtual trees felled and apoplectic ink spilled over this matter is particularly remarkable given that none of the deposition questions objected to actually implicated the psychotherapist/patient privilege. The five questions that have generated such sound and fury are as follows:

- "What other conditions [in addition to being hearing-impaired] does [A.W.] currently have?
- [H]as A.W. had any changes in his medical condition?
- [Other than the pediatrician and hearing clinic], [a]re there any other doctors that A.W. sees related to his conditions?
- Is A.W. currently receiving any counseling services?

- Since [2019] has A.W. had any other residential placement where he's gone to a facility and stayed at a facility like he did in the past?"

Order (Doc. 54) at 2 (alterations in original).

None of these questions seek information about confidential communications between a mental-healthcare provider and either plaintiff or her son. Insofar as either plaintiff or her son retains the psychotherapist/patient privilege, these questions do not seek to pierce it.

The magistrate judge recognized that the latter four of these five questions did not implicate the privilege. *See* Order (Doc. 54) at 3. It appears the magistrate judge believed that the first question listed above did implicate the privilege, although the order does not explain why. The court disagrees: The first question did not implicate the privilege any more than the other questions did. Naming an individual's conditions, like acknowledging the fact that a person

5

is receiving counseling, does not disclose the kind of "confidential communications made during counseling sessions" that are protected by the privilege. *Jaffee*, 518 U.S. at 10; *see also United States v. Portillo*, 969 F.3d 144, 182 (5th Cir. 2020) (distinguishing "confidential *communications* between a psychotherapist and a patient" from "the *facts* of her medical diagnoses").

To find otherwise and thus proceed to the waiver question was clear error. As such, the court will reverse the magistrate judge's decision to the extent that it rules on the merits of the waiver issue. That issue is not ripe. The court will, however, affirm the magistrate judge's decision to the extent that it allows the deposition of plaintiff to go forward and requires plaintiff to answer the questions listed above. Those questions do not seek privileged information, and plaintiff is obligated to respond to them. If, in the course of plaintiff's deposition,

**defense counsel begins to ask questions that do seek privileged information, the parties may--and surely will--take once more to their respective battlements to sort out whether the privilege has been waived.**

                              **\* \* \***

**Accordingly, it is ORDERED that:**

**(1) Plaintiff's motion for relief from the magistrate judge's order (Doc. 57) is granted in part and denied in part. The United States Magistrate Judge's order (Doc. 54) is affirmed to the extent that the deposition of plaintiff J.P. may proceed and that J.P. is obligated to answer the five questions previously objected to, as well as any other questions seeking non-privileged information. In all other respects, the order is reversed.**

**(2) Plaintiff's motion to stay the magistrate judge's order (Doc. 57) is denied as moot.**

**DONE, this the 3rd day of March, 2021.**

                              **/s/ Myron H. Thompson**
                              **UNITED STATES DISTRICT JUDGE**