IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

| | |
|---|---|
| J. P., as parent and next friend of A.W., a minor, ) ) ) Plaintiff, ) ) v. ) ) ELMORE COUNTY BOARD OF EDUCATION, ) ) ) Defendant. ) | CIVIL ACTION NO. 2:19cv636-MHT (WO) |

ORDER

In the court's opinion and order granting in part plaintiff J.P.'s motion for summary judgment on a claim for attorneys' fees, count II of her amended complaint (Doc. 6), the court instructed J.P. to file a "clarification of the total number of hours requested and total fee sought for the work of attorney Henry L. Cassady, Jr.," one of J.P.'s two attorneys, "on each of the special education cases" underlying her claim for attorneys' fees. *J. P. v. Elmore County Board of Education,* 2:19Ccv636-MHT, 2021 WL 1270463, at *6 (M.D. Ala. Apr. 6, 2021). In response, in addition to the

clarification sought by the court, both Cassady and J.P.'s second attorney William Johnson III filed declarations requesting fees for litigating the attorneys' fees claim. *See* Supplemental Decl. of Henry L. Cassady, Jr. (Doc. 73); Third Decl. of William Tipton Johnson III (Doc. 72).

Defendant Elmore County Board of Education has objected to both declarations and the fees requested therein. *See* Objection (Doc. 74). This objection will be sustained, and the court will not currently consider the requests of Cassady and Johnson for fees for litigating count II of J.P.'s amended complaint, that is, fees for litigating fees. First, until the court determines what fees are appropriate under count II for time spent litigating the underlying due-process proceedings, the court will not be able to assess the degree of counsel's success on that claim. And, second, Rule 54(d) of the Federal Rules of Civil Procedure requires that a "claim for attorney's fees

2

and related nontaxable expenses must be made by motion," which must "be filed no later than 14 days after the entry of judgment." Fed. R. Civ. P. 54(d)(2)(A), (B)(i).

Therefore, and in the interest of efficiency, the court will not consider requests for fees for litigating either count of J.P.'s complaint until her complaint is resolved in full. Once final judgment is entered in this suit, J.P. may move for fees for the time spent litigating this case to the extent that she is the prevailing party in the litigation.

***

Accordingly, it is ORDERED that:

(1) Defendant Elmore County Board of Education's objection to the declarations of attorneys Cassady and Johnson (Doc. 74) is sustained, except that the court will consider attorney Cassady's declaration to the extent that it is responsive to the court's request for clarification in its prior opinion and order (Doc. 66).

(2) Defendant Elmore County Board of Education's deadline to respond to attorney Cassady's clarification, previously set for April 23, 2021, *see* Opinion and Order (Doc. 66) at 25, is extended to 5:00 p.m. on April 26, 2021.  This response should not address the objected-to declarations of attorneys Cassady and Johnson, except attorney Cassady's to the extent that it is responsive to the court's request for clarification.

(3) Plaintiff J.P.'s deadline to reply to defendant Elmore County Board of Education's response is extended to 5:00 p.m. on April 30, 2021.

Counsel for the parties were orally informed of the extensions on April 23, 2021.

DONE, this the 26th day of April, 2021.

                               /s/ Myron H. Thompson
                             UNITED STATES DISTRICT JUDGE