IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

| | | |
|---|---|---|
| J. P., as parent and next friend of A.W., a minor,<br><br>　　Plaintiff,<br><br>　　v.<br><br>ELMORE COUNTY BOARD OF EDUCATION,<br><br>　　Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | CIVIL ACTION NO.<br>2:19cv636-MHT<br>(WO) |

OPINION

Plaintiff J.P. has brought suit against defendant Elmore County Board of Education regarding the education of her child A.W., who has significant disabilities.   The court previously granted summary judgment to J.P. on count II of her complaint.   *See J.P. ex rel. A.W. v. Elmore Cnty. Bd. of Educ.*, No. 2:19cv636-MHT, 2021 WL 1270463 (M.D. Ala. Apr. 6, 2021) (Thompson, J.).   With that count, J.P. seeks attorneys' fees under the Individuals with Disabilities Education Act (IDEA), 20 U.S.C. § 1415(i)(3)(B), for the time her counsel spent litigating two underlying due-process

proceedings that J.P. brought against the Elmore County school district, which is managed and controlled by the defendant board of education, to obtain various educational services for A.W.  The court found that J.P. was the prevailing party in both due-process proceedings and was entitled to fees, but it reserved the determination of the precise amount of fees due and requested certain clarifications from J.P. regarding the hours sought by her attorneys.  *See J.P.*, 2021 WL 1270463, at *6.

J.P. has now responded to the court's request for these clarifications.  Accordingly, the court now turns to deciding what fees are due.


## I.  LEGAL STANDARD

The starting point in setting any attorneys' fee award is determining the "lodestar" figure--that is, the product of the number of hours reasonably expended to prosecute the lawsuit and the reasonable hourly rate

2

for work performed by similarly situated attorneys in the community. *See Norman v. Hous. Auth. of Montgomery*, 836 F.2d 1292, 1299 (11th Cir. 1988). The fee applicant bears the burden of "establishing entitlement and documenting the appropriate hours and hourly rates." *Id.* at 1303. After calculating the lodestar figure, the court should then proceed to determine whether any portion of this fee should be adjusted upwards or downwards. *See Pennsylvania v. Del. Valley Citizens' Council for Clean Air*, 478 U.S. 546, 565-66 (1986).

In making the above determinations, the court is guided by the 12 factors set out in *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714, 717-19 (5th Cir. 1974).[1] *See Blanchard v. Bergeron*, 489 U.S. 87, 91-92 (1989). These factors are: (1) the time and labor

---

1. In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit Court of Appeals adopted as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

required; (2) the novelty and difficulty of the questions; (3) the skill required to perform the legal services properly; (4) the preclusion of other employment by the attorney due to acceptance of the case; (5) the customary fee in the community; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases. *Johnson*, 488 F.2d at 717-19.

## II.  DISCUSSION

To calculate the lodestar figure in this case, the court will first determine the reasonable hourly rate for J.P.'s counsel.  Then, it will consider the hours requested by counsel and the board of education's

**4**

objections to some of these hours, in order to calculate the number of hours reasonably expended. Finally, it will address whether any part of the fee should be adjusted by determining, for instance, the degree of success obtained by J.P. in the underlying proceedings. *See Tex. State Teachers Ass'n v. Garland Indep. Sch. Dist.*, 489 U.S. 782, 790 (1989) (noting that the degree of the plaintiff's success "is a factor critical to the determination of the size of a reasonable fee").

### A. Reasonable Rate

The IDEA's attorneys' fees provision instructs that fees awarded "shall be based on rates prevailing in the community in which the action or proceeding arose for the kind and quality of services furnished." 20 U.S.C. § 1415(i)(3)(C). In addition to the prevailing rate for attorneys in the community working on cases of similar complexity, the court may consider what the

particular attorney making the fee request has previously charged for like work, which is "powerful, and perhaps the best, evidence of his market rate." *Dillard v. City of Greensboro*, 213 F.3d 1347, 1354 (11th Cir. 2000). The court is also "itself an expert on the question of fees, and may consider its own knowledge and experience in making a fee award." *Davis v. Nat'l Med. Enters., Inc.*, 253 F.3d 1314, 1322 n.12 (11th Cir. 2001).

As this court has previously noted, because of the limited number of attorneys taking special-education cases in Alabama, the court may look to the prevailing community rates for attorneys undertaking other civil rights work as well. *See Doucet ex rel. Doucet v. Chilton Cnty. Bd. of Educ.*, 65 F. Supp. 2d 1249, 1261 (M.D. Ala. 1999) (Thompson, J.); *cf.* Decl. of James D. Sears (Doc. 26-14) at ¶ 48 (indicating that fewer than 15 special-education attorneys are currently working in Alabama). The relevant community for establishing

6

local rates is "the place where the case is filed."
*Cullens v. Ga. Dep't of Transp.*, 29 F.3d 1489, 1494
(11th Cir. 1994).

Attorney Cassady, who worked on both of the two
underlying due-process proceedings, contends that a
reasonable rate for his services is $ 325 per hour.
*See* Decl. of Henry L. Cassady, Jr. (Doc. 26-16) at 15,
22. Attorney Johnson, who worked on only the second
due-process proceeding, contends a rate between $ 325
and $ 400 per hour. *See* Decl. of William Tipton
Johnson III (Doc. 26-34) at 12.

The rate requested by Cassady is approximately in
line with what other attorneys of significant
experience have received in the relevant market for
similar work. This consideration incorporates the
fifth and twelfth *Johnson* factors: the customary fee in
the community and awards in similar cases. As a judge
of this court found seven years ago, "skilled lawyers
with twenty years or more experience may expect to

7

receive $ 300 an hour" in the Middle District of
Alabama. *Weekes-Walker v. Macon Cnty. Greyhound Park,
Inc.*, 31 F. Supp. 3d 1354, 1360 (M.D. Ala. 2014)
(Fuller, J.). The court in *Morrison v. Veale*, No.
3:14-cv-1020-TFM, 2017 WL 6388960 (M.D. Ala. Dec. 14,
2017) (Moorer, M. J.), found a few years later that
those figures were "essentially accurate ... with some
adjustments for inflation," and it therefore determined
that a reasonable rate in the Northern Division of the
Middle District of Alabama was $ 325 per hour for an
attorney with 17 years of experience. *Id.* at *5. And
in a recent civil-rights case filed in Montgomery,
Alabama, another judge of this court found $ 295 per
hour to be a reasonable rate for an attorney with eight
years of legal experience whom the court found
"exhibited skills normally found in attorneys with ten
or more years of practice." *Doe 1 v. Marshall*, No.
2:15-CV-606-WKW, 2019 WL 3561589, at *4 (M.D. Ala. Aug.
5, 2019) (Watkins, J.).

8

According to his declaration, Cassady has been practicing law since 1990, meaning that he has more than 30 years of experience as an attorney. It is unclear how much of that time has involved special-education cases; he asserts that he undertook his "first due process case over twenty years ago," Cassady Decl. (Doc. 26-16) at 32, but he does not list any particular special-education cases among his lengthy litigation history prior to the last several years. He also did not provide in his declaration evidence of the fee he typically charges, except to note that he has been paid an hourly rate of $ 325 "in settlements with other school districts in Alabama." *Id.* at 32.

Furthermore, it appears to the court that the evidentiary record in the underlying proceedings was substantial and that the disputed issues were complex--particularly in the first of the two due-process proceedings, which Cassady litigated by

himself. These determinations correspond to the first three *Johnson* factors. In light of all of the above circumstances, and considering the prevailing rate in the community, the skill and experience of attorney Cassady, and the complexity of the due-process proceedings at issue and the legal acumen required to litigate them, the court finds that $ 325 per hour is a reasonable hourly rate for Cassady's work.

Attorney Johnson has somewhat less experience than Cassady, having practiced law for approximately eighteen years. *See* Johnson Decl. (Doc. 26-34) at 2. According to his declaration, he has been taking special-education cases since 2012. *See id.* As a result, although the duration of his overall experience as an attorney is less than Cassady's, the time he has spent developing specialized expertise in special-education matters appears to be greater.

Johnson indicates that he typically charges $ 325 per hour for his services in special-education cases.

*See id.* at 12.  While this is not dispositive, it is informative as to the market rate for his work.  And although the issues in the second due-process proceeding may have been somewhat less complex than those in the first proceeding because the second focused on enforcement of an existing settlement, the claim nonetheless involved sophisticated legal matters requiring proficiency with both a difficult area of law and a substantial evidentiary record.

After considering all of the above factors and circumstances, the court finds that a reasonable rate for Johnson's work was $ 300 per hour.  The court finds that Johnson's reasonable rate is lower than Cassady's primarily because of their different levels of experience, but it finds that no lower than $ 300 per hour would be appropriate for Johnson, in the context of the prevailing rate in Montgomery and the surrounding district, because of his significant expertise with special-education matters and the

difficulty of this case.

In sum, the court finds $ 325 per hour to be a
reasonable rate for attorney Cassady and $ 300 per hour
to be a reasonable rate for attorney Johnson.


### B.   Reasonable Hours

The court primarily considers three of the *Johnson*
factors--the time and labor required, the novelty and
difficulty of the case, and the amount involved and
result obtained--in assessing the reasonableness of the
hours claimed by J.P.'s counsel.  It also considers in
turn each of the board of education's objections to the
hours claimed by Cassady and Johnson.


### 1.   First Due-Process Proceeding

Cassady claims the following hours of work for the
first due-process proceeding:

- Preparing first due process petition: 6.5 hours

- Reviewing education records: 3.9 hours

12

- **Preparing amended petition: 8 hours**

- **Corresponding with opposing counsel: 4.05 hours[2]**

- **Telephone hearings: 2.35 hours**

- **Legal research and writing: 5.1 hours[3]**

- **Handling settlement matters: 3.9 hours**

- **Client meetings and correspondence: 12 hours[4]**

- **Witness/exhibit lists: 1.6 hours[5]**

---

**2.   This total consists of 1.05 hours documented in Cassady's declaration and 3.0 hours documented in the clarification requested by the court.   *See* Cassady Decl. (Doc. 26-16) at 17; Clarification (Doc. 73) at 4.**

**3.   The court notes that of this time, 4.8 hours were spent preparing a motion for a pendency order and a reply brief on that motion.   *See* Cassady Billing Hours on First Proceeding (Doc. 26-18) at 30-33, 44-49.**

**4.   This total consists of 9.2 hours documented in Cassady's declaration and 2.8 hours documented in the clarification requested by the court.   *See* Cassady Decl. (Doc. 26-16) at 19; Clarification (Doc. 73) at 4.**

**5.   This total consists of 0.9 hours documented in Cassady's declaration and 0.7 hours documented in the clarification requested by the court.   *See* Cassady Decl. (Doc. 26-16) at 19; Clarification (Doc. 73) at 5.**

- Correspondence with witnesses from Alabama School of Deaf and Blind (AIDB): 5.9 hours[6]

- Consulting with other attorneys: 1.5 hours[7]

- Preparing for trial: 11 hours

- Trial: 7.5 hours

- Mediation: 18.15 hours[8]

- Communicating with hearing officer: 7.7 hours

- Miscellaneous file review: 0.8 hours

*See* Cassady Decl. (Doc. 26-16) at 16-21; Clarification (Doc. 73) at 3-6.

These claimed hours add up to 99.95 hours of

---

6.  This total consists of 4.2 hours documented in Cassady's declaration and 1.7 hours documented in the clarification requested by the court. *See* Cassady Decl. (Doc. 26-16) at 20; Clarification (Doc. 73) at 5.

7.  This total consists of 0.8 hours documented in Cassady's declaration and 0.7 hours documented in the clarification requested by the court. *See* Cassady Decl. (Doc. 26-16) at 20; Clarification (Doc. 73) at 4.

8.  This total consists of 17.05 hours documented in Cassady's declaration and 1.1 hours documented in the clarification requested by the court. *See* Cassady Decl. (Doc. 26-16) at 21; Clarification (Doc. 73) at 5-6.

attorney time. Accordingly, the court finds that Cassady is requesting a total lodestar figure of $ 32,483.75 for his work on the first due-process proceeding. Cassady also requests 11.5 hours of paralegal time at $ 80 per hour and expenses of $ 1,085.15. *See* Cassady Decl. (Doc. 26-16) at 22; *see also* Cassady Revised Billing Hours (Doc. 73-1) at 139. The sum of these requests is $ 34,488.90 for the first due-process proceeding.

The court notes that this total number of hours and total lodestar amount are not the figures provided by Cassady either in his declaration or in the clarification requested by the court due to discrepancies and ambiguities in his declaration. The court further notes that Cassady's clarification did not include all of the information that the court instructed him to provide. *Compare J.P. ex rel. A.W.*, 2021 WL 1270463, at *6 (instructing Cassady to provide categorizations of all of his requested hours,

15

including entries of 0.1 hours), *with*, Clarification (Doc. 73) at 3-6 (providing categorizations only of 0.1 hour entries).  The total hours and expenses listed in his clarification also do not match the total fee he requests in the clarification.  *Compare* Clarification (Doc. 73) at 6 (claiming 99.9 total hours of attorney time at $ 325, 11.5 hours of paralegal time at $ 80, and $ 491.25 of expenses, which sums to $ 33,878.75), *with*, *id.* at 2 (claiming $ 32,692.53 to be the correct total amount requested).

The court finds that Cassady's failure to provide consistent total figures for the fees and hours he claims or a consolidated breakdown of the time for which he seeks compensation, as instructed by the court, is a ground for a reduction in his total award in an amount equal to the difference between the above-calculated total number, including paralegal time and fees, and the amount of $ 32,692.53--which, among the total amounts requested by Cassady, is the one he

16

claims to be correct. *See* Clarification (Doc. 73) at 2. The court will therefore reduce Cassady's final award for the first due-process proceeding by $ 1,796.37. *See Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983) ("The party seeking an award of fees should submit evidence supporting the hours worked and rates claimed. Where the documentation of hours is inadequate, the district court may reduce the award accordingly.").

The board of education has filed a motion to strike parts of Cassady's fee request. *See* Motion to Strike (Doc. 33). The court denied the motion to strike but indicated that it would consider the arguments made therein at the proper juncture. *See* Order (Doc. 34). Because the motion to strike objects to specific hours claimed by Cassady, the court believes that it is appropriate to take up the board of education's arguments in that motion now.

Most of the objections made in the motion to strike

17

are to the way that Cassady has reported his hours in his billing record, rather than to the propriety of his billing for those hours.  In particular, the board objects to the inclusion of the full text of certain emails, which the board says contain information that "casts Defendant in a bad light."  Motion to Strike (Doc. 33) at 4.  Whether or not this is true, it does not make the hours Cassady has billed for those correspondences unreasonable, and the court will not exclude the hours objected to on that basis.

The board also objects to certain time entries on the ground that they are not sufficiently specific--for instance, entries for phone calls with consulting attorneys that do not mention the name of the attorney consulted, *see id.* at 5, or entries for preparing a motion or brief that do not "account for time spent on each portion of the filing" or "differentiate between time spent performing legal research" and "time spent applying the case law he researched to the facts of his

case," *id.* at 5, 6.  The descriptions of Cassady's time are adequately particularized for the court to determine whether they were "reasonably expended," *Hensley*, 461 U.S. at 434, and as such the court will not exclude those hours from Cassady's fee.

The board further objects to other billing entries on a hodgepodge of unpersuasive grounds--for example, objecting to certain hours of legal research because the cases Cassady was apparently researching were unpublished and therefore non-binding.  *See* Motion to Strike (Doc. 33) at 3.  The court is unaware of any authority for the proposition that attorneys should bill their time differently depending on whether the cases they are reading appear in the Federal Reporter. No time will be excluded from Cassady's billing record on this basis.

The board complains that there are "numerous excessive, unnecessary, and redundant" time entries in the billing record.  Response to Motion for Summary

19

Judgment (Doc. 30) at 15. The board lists these allegedly excessive entries but provides no evidence to support its allegations. *See id.* at 15-16. "As the district court must be reasonably precise in excluding hours thought to be unreasonable or unnecessary, so should be the objections and proof from fee opponents." *Norman*, 836 F.2d at 1301. The board's generalized objections to these ostensibly excessive hours are not grounds for excluding those entries.

The board also identifies certain entries which refer to time spent on unnecessary or unsuccessful tasks. Among these entries are time spent on drafting a motion for a pendency order and a reply brief following a hearing on that motion, which amounts in total to 4.8 hours. *See* Revised Cassady Billing Record (Doc. 73-1) at 30-33, 44-49. The motion for a pendency order was unsuccessful in that the hearing officer found homebound to be A.W.'s stay-put placement. *See* Stay-Put Order (Doc. 31-5) at 5. Because a "district

20

court must deduct time spent on discrete and unsuccessful claims," these hours will be excluded. *Norman*, 836 F.2d at 1302. Otherwise, the hours objected to as unnecessary by the board all appear reasonable and will not be excluded. *See, e.g.*, Response to Motion for Summary Judgment (Doc. 30) at 16 (objecting to "time preparing the statement of a witness, who testified at the due process proceeding").

Finally, the board objects to two further aspects of the billing record: Cassady's request for mileage as part of his expenses and his exclusion of certain time entries as part of his billing judgment. The mileage issue will be taken up below with the rest of the claimed expenses. As to the exclusion of certain hours as part of Cassady's billing judgment, the court does not understand why the board objects to Cassady's decision not to bill for some hours, and the court could not do any more to exclude these hours from Cassady's fee request than Cassady has already done.

21

Nor will the court exclude time for 'individualized
education program' (that is, IEP) team meetings based
on the board's generalized objection to them, which
does not identify any particular entries that should be
excluded.[9]  The court also does not find that Cassady
protracted the litigation and will not reduce the fee
on that basis; the board's allegations amount to
unsubstantiated complaints about the respectfulness of
the attorney's conduct and do not show that the
litigation was prolonged as a result of his actions.

In sum, the court finds that Cassady's hours on the
first due-process proceeding should be reduced by 4.8

_____

9.  The court also notes that the IEP team meetings
at issue appear to have been ordered by the hearing
officer either in his order implementing the parties'
settlement agreement in the first proceeding or in his
hearing decision and order following the second
proceeding.  All that the IDEA requires for time spent
on IEP team meetings to be compensable is that the
meeting have been "convened as a result of
administrative proceeding or judicial action."
20 U.S.C. § 1415(i)(3)(D)(ii).  Indeed, the board seems
to recognize that time related to IEP team meetings is
taxable when the meeting is "convened as a result of an
administrative hearing or judicial action."  Response
to Motion for Summary Judgment (Doc. 30) at 24.

hours to account for time spent on the motion for a
pendency order.  This leaves a total of 95.15 hours of
claimed attorney time at $ 325 per hour, for a total
lodestar figure of $ 30,923.75.

Cassady's claimed and unchallenged 11.5 hours of
paralegal time at $ 80 per hour, which the court finds
to be a reasonable rate, add $ 920 to this figure.  His
$ 491.25 of printing fees may be claimed, but the
$ 593.90 for mileage is non-taxable; as the Supreme
Court has explained, albeit in dicta, the language of
the IDEA's attorneys' fees provision "strongly
suggests" that it was not meant to make "participating
States liable for all expenses incurred by prevailing
parents in connection with an IDEA case--for example,
travel and lodging expenses." *Arlington Cent. Sch.
Dist. Bd. of Educ. v. Murphy*, 548 U.S. 291, 297 (2006).
As noted above, the total amount will also be reduced
by $ 1,796.37 to account for the inconsistencies in
Cassady's various statements of his fee request and his

failure to follow the court's order regarding the clarification it requested. With all of the adjustments above, the court finds that the total compensable attorneys' fees and costs for attorney Cassady from the first due-process proceeding amount to $ 30,538.63 prior to any adjustment for the degree of success obtained in that proceeding.

### 2.   Second Due-Process Proceeding

Cassady claims the following hours of work on the second due-process proceeding:

- Due process petition: 6.5 hours

- Reviewing education records: 3.3 hours

- Handling subpoenas: 0.7 hours

- Amended due process petition: 0.9 hours

- Telephone hearings: 2.5 hours

- Conferences with co-counsel: 1.4 hours

- Work related to truancy issue: 0.8 hours

- Research and writing: 4.8 hours

24

- Handling witness/exhibit lists: 1.4 hours[10]

- Trial: 44.6 hours

- Post-trial briefing: 24.7 hours

- Reviewing opposing post-trial submissions: 0.7 hours

- Implementing judgment from hearing: 12.8 hours

- Communicating with hearing officer: 5.2 hours

- Communicating with client: 1.7 hours

- Communicating with co-counsel: 0.4 hours

- Communicating with opposing counsel: 1.0 hours

- Consulting with other attorneys: 0.1 hours

- File review: 0.3 hours

These claimed hours add up to 113.8 hours of attorney time. Unlike with the first due-process proceeding, this total is what Cassady says he is claiming. *See* Clarification (Doc. 73) at 9.

---

10. This total consists of 0.5 hours claimed in Cassady's declaration and 0.9 hours claimed in the clarification. *See* Cassady Decl. (Doc. 26-16) at 26; Clarification (Doc. 73) at 8.

Accordingly, the court finds that Cassady is requesting a total lodestar figure of $ 36,985.00 for his work on the second due-process proceeding.  Cassady also requests 1.4 hours of paralegal time at $ 75 per hour, printing expenses of $ 679.00, and mileage and lodging expenses of $ 1,347.34.  *See* Cassady Decl. (Doc. 26-16) at 28.  For the reasons given above, the mileage and lodging expenses will be excluded.  The sum of these requests without the excluded expenses is $ 37,769.00 for the second due-process proceeding.

In the board's motion to strike, it objects again to what it terms "prejudicial entries containing unnecessary and inflammatory information."  Motion to Strike (Doc. 33) at 9.  For the reasons given above, no time will be excluded on this basis.  The board also objects, as above, to entries it says have insufficient detail.  The court does not find that these entries are too non-specific; for instance, in the entry that the board highlights for this objection on the basis that

"Plaintiff's counsel bills 12.5 hours and $4,062.50 for 'legal research and writing,'" *id.*, Cassady in fact provides considerably more detail than the board acknowledges, *see* Cassady Billing Hours on Second Proceeding (Doc. 26-20) at 26.

The board elsewhere objects to Cassady's billing of 0.8 hours connected to a truancy matter arising from the litigation of the second due-process petition. *See* Response to Motion for Summary Judgment (Doc. 30) at 17; *see also* Motion for Summary Judgment (Doc. 25) at 16-18. After reviewing the record, the court finds that this work was sufficiently related to the underlying due-process proceeding that it is reasonable for Cassady to claim this fraction of an hour, and as such the court will not exclude this time.

The board claims generally that certain entries regarding brief-writing are excessive. *See* Response to Motion for Summary Judgment (Doc. 30) at 18. As noted above, generalized allegations of unreasonableness do

27

not provide an adequate basis for excluding time. Moreover, the time objected to does not appear unreasonable: The court notes that one of the entries to which the board objects--the time spent drafting the amended due-process petition--amounts to 0.9 billed hours. What precisely the board finds excessive about those 54 minutes of drafting time is left unmentioned.

The board also objects to both of J.P.'s attorneys billing for the hours they spent traveling to hearings, meetings, and mediation. *See id.* at 18-19. The Eleventh Circuit has held that an out-of-town attorney's travel time is compensable under the fee provision of 42 U.S.C. § 1988 unless "it was unreasonable not to hire qualified local counsel," *Johnson v. Univ. Coll. of Univ. of Ala.*, 706 F.2d 1205, 1208 (11th Cir. 1983), and the Supreme Court has noted that the fee provision of § 1988 is "virtually identical to the wording of" the IDEA's fee provision, *Arlington Cent. Sch. Dist.*, 548 U.S. at 302. The

28

evidence before the court indicates that no local attorneys in Montgomery take special-education cases. *See* Sears Decl. (Doc. 26-14) at 49-50. Accordingly, this time is compensable and will not be excluded.[11]

Finally, the board objects generally to the presence of two attorneys for J.P. on the second due-process proceeding and claims that many of the time entries in both attorneys' fee requests are duplicative for that reason. *See* Response to Motion for Summary Judgment (Doc. 30) at 19-24. In many instances, the board objects to the time entries of both attorneys for the same item--for instance, objecting both to attorney Cassady's time spent at the due-process hearing and to attorney Johnson's time spent at that hearing. *See id.*

---

11. The court recognizes that this results in the apparent anomaly that travel time is compensable under the IDEA's fee petition but travel expenses such as mileage are not, while travel expenses are compensable under § 1988 but not under the "virtually identical" fee provision of the IDEA. Until the Eleventh Circuit revisits its decision in *Johnson* or the Supreme Court revisits its dictum in *Arlington Central School District*, this court is bound to apply the law as it finds it.

at 21, 22-23. Elsewhere, the board objects to each attorney's review of evidence in the record or of orders from the hearing officer. *See id.* at 21-22.

"There is nothing inherently unreasonable about a client having multiple attorneys, and they may all be compensated if they are not unreasonably doing the same work and are being compensated for the distinct contribution of each lawyer." *Norman*, 836 F.2d at 1302. This is true here. Because, in the court's experience, no osmotic process allows attorneys to transmit knowledge directly into co-counsel's heads, it is neither redundant nor duplicative for both attorneys working on a case to review the record. Nor is it duplicative for both attorneys involved in a case to appear at a hearing. No time will be excluded on this basis.

Because none of the board's objections result in the exclusion of time from attorney Cassady's fee request on the second due-process proceeding, the court

30

finds that the total reasonable fee for Cassady's work on that proceeding is $ 37,769.00, including paralegal time and expenses. The court will consider later in this order whether this fee should be reduced for any reason.

In addition, attorney Johnson claims the following hours of work on the second due-process proceeding:

- Due-process hearing: 37.2 hours

- Travel time: 11.5 hours

- Post-judgment IEP meeting: 4.5 hours

- Calls with co-counsel, client, and hearing officer: 6.4 hours

- Correspondence with co-counsel, opposing counsel, and hearing officer: 0.4 hours

- Review of correspondence: 2.1 hours

- Research and file review: 4.0 hours

In total, attorney Johnson claims 66.1 hours of

work on the second due-process proceeding.[12]  The
board's objections to Johnson's hours have all been
discussed above, and none provides a basis for reducing
his claimed hours.  The court therefore finds that
Johnson's claim to 66.1 hours for the second
due-process proceeding is reasonable.

As the court found above, a reasonable rate for
Johnson's time is $ 300.  Accordingly, the total
lodestar figure for Johnson's work on the second
due-process proceeding is $ 19,830.00.


### C.  Adjustments to Fees

To reiterate, the court has found that the total
compensable fees and expenses for the time of J.P.'s
attorneys on the two underlying due-process proceedings
are as follows.

_____

12. Johnson has also claimed certain hours for his
work litigating count II of J.P.'s complaint.  *See*
Johnson Decl. (Doc. 26-34) at 9-11.  For the reasons
given in the court's order of April 26, 2021 (Doc. 76),
this claim will not be considered by the court until
J.P.'s suit is resolved.

- First Proceeding (Cassady): $ 30,538.63

- Second Proceeding (Cassady): $ 37,769.00

- Second Proceeding (Johnson): $ 19,830.00

The court will now consider whether to reduce or increase these fees based on the *Johnson* factors and the degree of J.P.'s success in these proceedings.

As the court has previously found, the remedies obtained by J.P. in the first due-process proceeding "constitute a significant part of the relief that J.P. sought in her due-process complaint." *J.P. ex rel. A.W.*, 2021 WL 1270463, at *5. However, those remedies did not "cover the entirety of the relief she sought," particularly because they "d[id] not include the compensatory education she requested." *Id.*

The Supreme Court has held that "the degree of the plaintiff's success in relation to the other goals of the lawsuit is a factor critical to the determination of the size of a reasonable fee." *Tex. State Teachers Ass'n*, 489 U.S. 790. After comparing the remedies

33

obtained in the first due-process proceeding with the claims made in J.P.'s petition in that proceeding, the court finds that J.P. was successful on the majority of her goals but fell short in certain areas. In particular, the settlement agreement in the first proceeding, which was entered as an order by the hearing officer, did not include a finding that A.W. had been denied a free appropriate public education (FAPE) and did not include compensatory education.

As such, the court finds that the fee award to J.P. for the first due-process proceeding should be reduced by 15 % to account for the degree of her success in that proceeding. This results in a reduction of Cassady's fee on the first proceeding from $ 30,538.63 to $ 25,957.84. However, J.P. was entirely successful in the second due-process proceeding to enforce the settlement agreement reached in the first proceeding, and her award for Cassady and Johnson's work on that proceeding will not be reduced based on her degree of

34

success.

This leaves a total fee award to J.P. of $ 83,556.84, including $ 63,726.84 for Cassady's work on the two due-process proceedings and $ 19,830.00 for Johnson's work on the second proceeding.

Upon review of the record, the court finds that the attorneys appropriately exercised 'billing judgment' to exclude certain hours from their fee requests. *See ACLU of Georgia v. Barnes*, 168 F.3d 423, 428 (11th Cir. 1999). And after considering the relevant *Johnson* factors, the court finds that the total award is reasonable. The litigation at issue involved the work of two experienced lawyers on a complex area of law and a voluminous factual record. The questions raised by these proceedings--particularly the questions of what educational accommodations were required--presented difficult issues regarding both the district's obligations under the IDEA and the particular needs of A.W. in light of his disabilities. The case spanned

two proceedings over a year and a half. *See* Cassady
Billing Hours on First Proceeding (Doc. 26-18) at 1
(noting intake in December 2017); Cassady Billing Hours
on Second Proceeding (Doc. 26-20) at 30 (noting
post-judgment IEP meeting in June 2019).   It largely
ended in success for J.P.: As the court has found, J.P.
was successful on the bulk of her objectives in the
first proceeding and on substantially all of her
objectives in the second proceeding.   And the final
award is akin to awards granted in similar cases, *see,*
*e.g.*, *J.S.R. v. Dale Cnty. Bd. of Educ.*, No.
1:13-CV-582-WKW, 2016 WL 79986, at *9 (M.D. Ala. Jan.
6, 2016) (Watkins, C.J.) (granting award of $ 103,965
on IDEA fee claim), and is in line with the court's
findings about the customary fee in the relevant
community and the experience and skill of the attorneys
involved.

* * *

36

Accordingly, plaintiff J.P. will be awarded $ 83,556.84 in attorneys' fees and costs for special education case nos. 17-149 and 19-05.  An appropriate judgment will be entered.

DONE, this the 20th day of May, 2021.

/s/ Myron H. Thompson
UNITED STATES DISTRICT JUDGE