UNITED STATES DISTRICT COURT FOR THE

MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

| | | |
|---|---|---|
| J.P., as parent and next friend of A.W., a minor | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) ) | CIVIL ACTION NO. 2:19-cv-636-MHT (WO) |
| Elmore County Board of Education, | ) ) ) | |
| DEFENDANT. | ) | |

## Order on Pre-Trial Hearing

A pre-trial hearing was held in this case on October 13, 2021, wherein the following proceeding was held and actions taken:

### 1.  Parties and Trial Counsel

The plaintiff is A.W., a minor, who brings this case by and through J.P., his mother and next friend. Attorneys Henry L. "Max" Cassady, Jr., and William T. "Bo" Johnson, III, are plaintiff's trial counsel.  Mr. Cassady appeared at the pre-trial hearing and will appear at trial. Mr. Johnson was excused from the pre-trial by

previous order [Doc. 112] but will be allowed to participate in trial. The defendant is the Elmore County Board of Education ("the ECBOE"). Attorney Erika Perrone Tatum is defense trial counsel. Ms. Tatum appeared at the pre-trial hearing and will appear at trial.

## 2.   **Jurisdiction and Venue**

Pursuant 28 U.S.C. §§ 1331 and 1343(a)(3) and (4), this Court possesses original jurisdiction of A.W.'s claims brought pursuant to the Americans with Disabilities Act and the Rehabilitation Act of 1973. Pursuant to 28 U.S.C. § 1391(b)(2021), venue in the U.S. District Court for the Middle District of Alabama is appropriate, because the Elmore County Board of Education is located in this district and it is the district in which a substantial part of the alleged acts, omissions, and events occurred that form the basis of this lawsuit.

## 3.   **Pleadings and Amendments**

The following pleadings and amendments were allowed:

a.   Plaintiff's *Complaint* [Doc. 2];

b.   Plaintiff's *Amended Complaint* [Doc. 6]; and

c.  ECBOE's *Answer* to the Plaintiff's *Amended Complaint* [Doc. 12]

4.  **Contentions of the Parties**

**A.W.'s Contentions:**

a.  A.W. contends that at all times relevant to this case, he was physically and mentally handicapped under the Americans with Disabilities Act ("ADA") and §504 of the Rehabilitation Act of 1973 ("§ 504").

b.  A.W. contends that the ECBOE intentionally discriminated against him in violation of the ADA and § 504 on the basis of his physical and mental handicaps.

c.  A.W. contends that, among other things, the ECBOE discriminated against him when it [i] violated the terms of the April 2018 settlement agreement and judgment; [ii] segregated him from other handicapped and non-handicapped students on the basis of his disabilities by denying him access to school;      [iii] failed to accommodate him by denying him court-ordered access to resources that would have allowed him to obtain written and spoken language;  [iv] failed to accommodate him by denying him      the behavioral care required by court

3

judgment; and        [v] otherwise excluded him from participating in, and receiving full access to, the benefits of the programs and activities of the defendant ECBOE.

d. A.W. contends that the ECBOE's conduct was purposeful, done in bad faith, carried out with a discriminatory animus, and amounted to intentional discrimination against him on the basis of his disability and in violation of the ADA, § 504, and their implementing regulations.

e. A.W. contends that the ECBOE's conduct caused harm to him and that he sustained the following damages: [i] "garden variety" mental anguish and emotional distress; [ii] loss of enjoyment of life; [iii] loss of the same educational opportunities as other handicapped and non handicapped kids; [iv] loss of freedom; and [v[ loss of dignity.

f. A.W. contends that a jury should award damages to him for the ECBOE's harm and that the court should award to him his attorneys' fees and court costs.

**ECBOE's Contentions:**

a.   The ECBOE is entitled to judgment in its favor based on the review of the administrative record and as a matter of law under Section 504 of the Rehabilitation Act, 29 U.S.C. § 794, *et seq.*,("Section 504") and the Americans with Disabilities Act, 42 U.S.C. § 12101, *et seq.* ("ADA").

b.   The ECBOE provided reasonable accommodations to A.W. as required by Section 504 and the ADA.

c.   The ECBOE provided A.W. with an equal opportunity to receive educational services pursuant to Section 504 and ADA requirements.

d.   Plaintiff cannot identify any programs in which A.W. was unable to participate.

e.   The ECBOE did not discriminate against A.W. because of his disability.

f.   Plaintiff cannot provide credible evidence of any intentional discrimination by the ECBOE against A.W.

g.   The decisions made by school personnel do not indicate discrimination, bad faith, or gross misjudgment.

h.   Plaintiff cannot show the ECBOE knew that harm to A.W.'s Section 504 and ADA rights were substantially likely and that the ECBOE failed to act on that likelihood.

i.   The ECBOE went to extraordinary lengths to provide educational services to A.W. to meet his academic and behavioral needs.

j.   The ECBOE exercised its professional judgment regarding the educational services provided to A.W.

k.   The ECBOE implemented the April 5, 2018 Mediation Agreement.

l.   The ECBOE complied with the directives of the May 30, 2019 Hearing Decision.

m.   The ECBOE did not remove or expel A.W. from school.

n.   Plaintiff's conduct thwarted the ECBOE's efforts to provide additional educational services to A.W.

o.   Plaintiff=s allegations relate to A.W.'s educational placement, which is insufficient to prove Section 504 and ADA discrimination.

p.  Plaintiff has not met her burden regarding her Section 504 and ADA claims.

q.  Plaintiff is not entitled to any damages.

r.  The ECBOE incorporates the statement of undisputed material facts from its Memorandum Brief in Support of Motion for Summary Judgment. (Doc. 89, pp. 2-21).

**5.  <u>Stipulations by and Between the Parties</u>**

The parties agree and stipulate to the following facts:

a.  The parties agree that A.W. is a qualified individual with a disability under both the ADA and § 504.

b.  ECBOE is a state governmental entity that bears exclusive responsibility for the operation, management, and control of the Elmore County School District.

c.  A.W. falls into the class of persons whose rights are specifically protected by the ADA and § 504.

d.  The ECBOE was the entity charged with the provision of a free, appropriate public education to A.W. while he was a student there.

7

e. The ECBOE receives money from the U.S. government to assist with the provision of a free, appropriate public education to students like A.W.

f. A.W. is hearing impaired.

g. A.W. has cochlear implants and has been able to hear with the cochlear implants since 2010.

h. A.W. wore his cochlear implant when he attended school in the ECBOE.

i. A.W. attended school in the ECBOE through the 2018-2019 school year.

j. A.W. withdrew from the ECBOE prior to the 2019-2020 school year.

k. The parties executed a Mediation Agreement on April 5, 2018.

**\*\*\***

It is ORDERED that:

(1) The jury selection and trial of this cause, currently set for December 6, 2021, are reset for January 24, 2022, at 10:00 a.m. at the United States Courthouse

in Montgomery, Alabama, and the trial is expected to last two to three days;

(2) A trial docket will be mailed to counsel for each party approximately two weeks prior to the start of the trial term;

(3) Each party shall have available at the time of trial, for use by the court (the judge, the courtroom deputy clerk, and the law clerk), three copies of the exhibit list and a sufficient number of copies of each photostatically reproducible exhibit for opposing counsel, the courtroom deputy clerk, the law clerk, the jurors, and the judge to each have a set of the exhibits;

(4) Trial briefs ((a) summarizing the evidence to be presented at trial, (b) setting forth the elements of each and every claim and defense at issue and how the evidence does or does not satisfy those elements, and (c) addressing any evidentiary issues that may arise at trial) are required to be filed two weeks before jury selection;

(5) All deadlines not otherwise affected by this order will remain as set forth in the uniform scheduling order (Doc. 16) entered by the court on October 31, 2019, as amended; and

(6) All understandings, agreements, deadlines, and stipulations contained in this pretrial order shall be binding on all parties unless this order be hereafter modified by order of the court.

DONE, this the 14th day of October, 2021.

/s/ Myron H. Thompson
UNITED STATES DISTRICT JUDGE