IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

```
J. P., as parent and next  )
friend of A.W., a minor,   )
                           )
     Plaintiff,            )
                           )      CIVIL ACTION NO.
     v.                    )      2:19cv636-MHT
                           )         (WO)
ELMORE COUNTY BOARD OF     )
EDUCATION,                 )
                           )
     Defendant.            )
```

## OPINION

Plaintiff J.P. brought this lawsuit against defendant Elmore County Board of Education on behalf of her minor son, A.W., who has serious physical and mental disabilities. J.P. claims that the school board discriminated against A.W. by refusing to allow him to attend school due to his disabilities. J.P. relies on Title II of the Americans with Disabilities Act (ADA), 42 U.S.C. § 12132; Section 504 of the Rehabilitation Act of 1973, 29 U.S.C. § 794; and the Individuals with Disabilities Education Act (IDEA), 20 U.S.C. § 1400. This court has proper jurisdiction pursuant to 28 U.S.C.

§ 1331 (federal question); 28 U.S.C. § 1343(a)(3)-(4) (civil rights); 29 U.S.C. § 794a (Section 504), and 20 U.S.C. § 1415(i)(3)(A) (IDEA).

J.P. and the school board have now reached a settlement of A.W.'s claim for damages. Because A.W. is a minor as referenced in Federal Rule of Civil Procedure 17(c), the parties have asked the court to approve their proposed settlement. At the pro ami hearing held on February 1, 2022, the court heard from the following persons: J.P., A.W.'s court-appointed guardian ad litem, and counsel for the parties. For the reasons described below, the court will approve the settlement.

## I. BACKGROUND

This lawsuit arises out of A.W.'s exclusion from school and denial of access to his court-ordered services for the majority of the 2018-2019 school year.

J.P. seeks damages for A.W.'s "mental anguish and emotional distress." *See* Amended Complaint (Doc. 6) at ¶ 120. She alleges that the school system violated

2

A.W.'s rights under both the ADA and Section 504, for excluding and denying him access to benefits because of his disabilities, including his profound hearing loss. *See id.* at ¶¶ 108-09.  The school board denies that it discriminated against A.W. in violation of ADA and Section 504.

The parties have reached a proposed $ 60,000 settlement of J.P.'s claim on behalf of A.W., and they say that the settlement would resolve the claim for damages asserted by J.P. as legal guardian of her son A.W. that arise out of, or relate to, his exclusion from school and denial of benefits.[1]

To represent A.W.'s interest in the determination of whether to approve the proposed $ 60,000 settlement, the court appointed a guardian ad litem, Honorable Rebekah Keith McKinney, whose fees and expenses, by agreement of

_____

1. The proposed settlement does not resolve the claim that J.P. brought against the school board on her own behalf in another federal lawsuit.  *See Palmer v. Elmore Cnty. Bd. of Educ.*, No. 2:21cv49-MHT (M.D. Ala.)

the parties, are not to come out of A.W.'s settlement proceeds but rather are to be paid by the school board.

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 17(c) provides that a "representative" may sue "on behalf of a minor." However, the rule does not prescribe any framework for evaluating a settlement of claims brought by such representative. *See* Fed. R. Civ. P. 17. J.P. has brought her damages claim on behalf of her son A.W. pursuant to Rule 17.

It is unclear whether federal or state law governs whether a federal court should approve the settlement of a federal claim, brought by, or otherwise implicating the interest of, a minor;[2] it is also unclear what the binding

---

2. This court has already held that, when there is solely a state claim presented, state law would clearly govern. *See Casey v. Gartland*, No. 2:18-cv-890, 2020 WL 4470444, at *1 n. 1 (M.D. Ala. Aug. 4, 2020) (Thompson, J.) (citing *K.J. v. CTW Transportation Servs., Inc.*, No. 2:18-cv-19, 2018 WL 3656305, at *1 (M.D. Ala. Aug. 2, 2018) (Thompson, J.).

**4**

federal law, if it does govern, is.[3]  However, this court has previously held that in this circumstance it is appropriate to apply Alabama law.  *See Casey v. Gartland*, No. 2:18-cv-890, 2020 WL 4470444, at *1 (M.D. Ala. Aug. 4, 2020) (Thompson, *J.*).   Alabama law establishes a straightforward pro ami procedure and is fairly settled and easily discernable, unlike federal law.  *See id.*  For those reasons this court will apply Alabama law in this case.

"Alabama law requires that a court hold a fairness hearing before a minor plaintiff's case may be settled," Casey, 2020 WL 4470444, at *1 (citing *Large v. Hayes by and through Nesbitt*, 534 So. 2d 1101, 1105 (Ala. 1988)) (further citations omitted.)  The hearing must involve "an extensive examination of the facts, to determine whether the settlement is in the best interest of the

_____

3. Federal Rule of Civil Procedure 17(c)(2) requires the appointment of a guardian ad litem for a minor plaintiff in a case such as this, but does not prescribe any framework for evaluating a settlement of the minor's claim.  *See Casey*, 2020 WL 447044, at *1 n.2.

minor." *Id.* at *1 (citing *Large*, 534 So. 2d at 1105) (internal citation omitted).  S*ee also* William E. Shreve, Jr., *Settling the Claims of a Minor*, 72 Ala. Law 308 (2011).  Because a minor cannot ordinarily be bound by a settlement agreement, a fairness hearing and approval of the settlement are required in order for the settlement to be valid and binding and to bar a subsequent action by that person to recover for the same injuries.  *See Casey*, 2020 WL 4470444, at *1 (citing Shreve, *Settling the Claims of a Minor*, *supra*, at 310) (internal citation omitted).

### III. APPROVAL OF THE SETTLEMENT

**A.** *J.P.'s claim for damages on behalf of A.W.:* Having reviewed the pleadings in this case, the report of the guardian ad litem, and having heard detailed testimony and argument at the pro ami hearing, the court finds that the terms and conditions of the proposed settlement are fair, just, and reasonable under the

**6**

circumstances. As stated, the parties have agreed to settle A.W.'s claims for $ 60,000.

First, the decision to settle is logical here. As observed by the guardian ad litem, A.W.'s inability to communicate prevents him from describing to the jury the harm that he experienced. Even if a jury believes that the school discriminated against A.W., the guardian continues, the amount of damages the jurors awarded A.W. might be limited, for it is also possible that the jury may believe that the school board's actions were motivated by A.W.'s behaviors (which were apparently quite disruptive) on and off school grounds, and that this behavior was unrelated to a disability. By settling, the guardian concludes, J.P. is avoiding the risk of losing the case altogether or being awarded nominal damages. The court agrees with the guardian and finds that the decision to settle the case prior to the parties engaging in a jury trial is reasonable.

Second, the court agrees with the guardian and finds that the settlement amount of $ 60,000 to be fair and

7

reasonable in this case.  While it is true the jury would
have evidence that, because of the school board's alleged
discriminatory actions, A.W. was not able to attend
school and did not receive any of the services previously
ordered by a 'due process hearing officer,' J.P. would
still have trouble demonstrating A.W.'s damages to the
jury.  A.W. did not suffer any physical injuries, medical
costs, or other monetary losses that the jury could use
to estimate damages.  Moreover, A.W. would not be able
to communicate to the jury the "mental anguish and
emotional distress" that he experienced.  *See* Amended
Complaint (Doc. 6) at ¶ 120.  As the guardian put it,
agreeing to the settlement amount ensures that A.W.
receives some compensation.

At the hearing, the court heard testimony from J.P.
that she understands that the $ 60,000 award is to be
used solely for the benefit of her son.  Additionally,
she was present at both mediations and has agreed to the
$ 60,000 settlement.

8

Therefore, in light of the injuries sustained by A.W.; the length of time he remained out of school and without services; the difficulty the jury may have in calculating damages for A.W.; J.P.'s agreement with the terms; and the recommendation of the guardian ad litem, the court finds that the $ 60,000 settlement is fair, just, and reasonable, and in the best interest of A.W.

B.  *The two attorneys' fee settlements:*  This litigation involved not only J.P.'s claim on behalf of A.W. for damages under the ADA and Section 504 for intentional discrimination, which damages claim was asserted in *count one* of the complaint and was settled as described above.  The case also involved two other issues: an attorneys' fee issue in *count one* and two more attorneys' fee issues in *count two*.

The remaining fee issue in count one was that, if J.P. were entitled to recover damages, how much would her attorneys be entitled to recover in fees and expenses. J.P.'s attorneys did not adopt a contingency fee arrangement for their representation of A.W. and thus

9

they were not entitled to recover a fee out of A.W's award. A.W. would receive the entire $ 60,000 settlement.

In count two of the complaint in this court, J.P. sought attorneys' fees expenses under the IDEA for her counsel's time spent litigating two underlying due-process administrative proceedings. This court found, on summary judgment, that J.P. was the prevailing party in both due-process proceedings and awarded her attorney fees in the amount of $ 83,556.84. *See J.P. as next friend of A.W. v. Elmore Cnty. Bd. of Educ.*, 2021 WL 2012303, at *9 (M.D. Ala. May 20, 2021) (Thompson, J.); *J.P. as next friend of A.W. v. Elmore Cnty. Bd. of Educ.*, 2021 WL 1270463, at *6 (M.D. Ala. Apr. 6, 2021) (Thompson, J.). The remaining issue as to count two was how much were J.P.'s attorneys entitled to recover in fees and expenses for successfully litigating their count two claim for fees, a matter that has been referred to as J.P.'s count two 'fee-on-fee' issue.

The parties have settled these two fee issues: J.P.'s count one attorneys' fee issue, for $ 65,928; and her count two fee-on-fee issue, for $ 62,747.

Nevertheless, at the pro ami hearing, a concern arose as to whether J.P.'s attorneys might have had a conflict in settling A.W.'s damages claim and the attorneys' two fee issues.  In particular, the court was concerned as to whether A.W.'s damage claim was resolved separately and independently, so as to avoid any conflict for the attorneys.   J.P.'s  attorneys  and  defense  counsel disagreed on whether negotiations for A.W.'s settlement or the attorney's fee settlements occurred first.  The court need not resolve this dispute, for J.P. (who was present for the negotiations), the guardian ad litem (who spoke with the mediator), and all of the attorneys agreed that there were separate negotiations for A.W.'s damages claim and the attorneys' fee awards.  At no point was there a demand for a lump sum to be allocated between A.W. for his damages claim and the attorneys for their two fee issues.

Because A.W.'s damages claim and the attorneys' two fee issues were negotiated and settled separately, and because the two fee awards are not being paid out of A.W.'s settlement, the court need not need analyze and determine the reasonableness of the fee awards. *Cf. Peebles v. Miley*, 439 So. 2d 137, 138-39 (Ala. 1983) (adopting a reasonableness test when an attorney's fees and costs are taken out of a settlement awarded to a minor plaintiff); Shreve, *Settling the Claims of A Minor*, *supra*, at 13 ("If an attorney's fee is to be paid out of the settlement, the order should specify the fee, determine that it is reasonable and direct the clerk of court to pay the fee out of the settlement proceeds").

C. *The placement of A.W.'s settlement in the Alabama Family Trust*: The court also finds that it is in A.W.'s best interest to place his $ 60,000 award in the Alabama Family Trust. "The Alabama Family Trust is governed by a Board of Trustees who are appointed by the governor of Alabama, the presiding officer of the Alabama Senate and the speaker of the Alabama House of Representatives. All

appointments are then confirmed by the Alabama Senate. The Board represents the interests of persons with mental and physical impairments and developmental disabilities who depend on supplemental needs disability trusts. All board members serve without compensation and are appointed to three-year terms." *Our Board, Alabama Family Trust*, https://www.alabamafamilytrust.com/about/board-of-directors/ (last visited Feb. 04, 2022); *see also Ala. Code* §§ 38-9b-1 through -7 (establishing the "Alabama Family Trust").

J.P.'s counsel recommended that the award be placed in this trust. The guardian ad litem approved of this placement, so that A.W. can continue to financially qualify for Social Security and other benefits. At the pro ami hearing, J.P. testified that she has already completed the necessary paperwork for the trust placement.

D. *The confidentiality provision*: A.W.'s settlement also provides that it be placed under seal with the court

and kept confidential. The court informed the parties that it had concerns that it could approve and grant the sealing request, *see Clark v. Bamberger*, No. 1:12-cv-1122, 2016 WL 1183180, at *1 (M.D. Ala. 2016) (Thompson, J.) ("Most documents filed in court are subject to the common-law right of access. 'The operations of the courts and the judicial conduct of judges are matters of utmost public concern, ... and [t]he common-law right of access to judicial proceedings, an essential component of our system of justice, is instrumental in securing the integrity of the process.' *Romero v. Drummond Co.,* 480 F.3d 1234, 1245 (11th Cir. 2007) (internal citations and quotation marks omitted)"), especially since the settlement involved the expenditure of public funds. In any event, the parties then withdrew their request and waived the confidentially agreement to this extent.

***

14

In sum, for all of the above reasons, separately and together, the court finds that A.W.'s $ 60,000 settlement is fair, just, and reasonable, and in the best interest of A.W. The court will therefore approve the settlement.

The parties further agree that, upon payment of A.W.'s $ 60,000 settlement, along with payment of the two attorneys' fee settlements of $ 65,928 and $ 62,747--which, according to all counsel, should take about 10 business days for all three payments--J.P.'s attorneys are to move for dismissal of this case in its entirety with prejudice, and the court is to grant the motion.

An appropriate order will be entered.

DONE, this the 7th day of February, 2022.

/s/ Myron H. Thompson
UNITED STATES DISTRICT JUDGE

15